### GIBB *v.* McCOY et al.

*(Supreme Court, General Term, First Department.* June 29, 1892.)

CONTRACT OF AGENCY—INTERPRETATION—TERMINATION.

Where a contract of agency provides that defendants shall pay a certain royalty per annum "for the first three years of this license," but that they may terminate the agreement at the end of the first year by giving three months' notice, and further provides for its termination by plaintiff at the end of three years, defendants cannot terminate the contract before the expiration of the third year, if they fail to terminate it at the end of the first.

Appeal from special term, New York county.

Action on a contract by James Gibb against Joseph F. McCoy and Walter Sanders. From an order overruling a demurrer to the amended complaint, and from the interlocutory judgment thereon, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Charles D. Ridgway,* for appellants. *Alexander & Green,* (*Chas. W. Pierson,* of counsel,) for respondent.

PATTERSON, J. This is an appeal from an order and an interlocutory judgment entered thereon overruling a demurrer to an amended complaint, and the single question presented for consideration relates to the construction of a contract entered into between the parties to the action, and which contract is contained in a letter written by the plaintiff to the defendants, and in

the reply of the defendants thereto. It appears by the complaint, in which the letters referred to are set forth in full, that the plaintiff agreed to appoint the defendants sole agents in the United States for the manufacture and sale of a certain article patented by the plaintiff, and among the conditions of the agency, as stated in the plaintiff's letter, are the following, viz.: "*Fifth.* You shall undertake to pay us a minimum royalty of one hundred pounds sterling for the first three years of this license. *Sixth.* If at the end of three years the royalty for the third year shall not have amounted to at least £200 sterling, we shall be at liberty to cancel this agreement, unless you shall then undertake to pay us on each succeeding year a minimum royalty of £200 sterling. *Seventh.* If at the end of the first year you wish to relinquish the working of our patent, you shall be at liberty to do so upon giving us three months' notice to that effect. *Eighth.* If at the expiration of three years we elect to terminate this license in accordance with clause 6, we agree to purchase from you any stock you may hold of these patent spinners at the net cost price of manufacture." "*Eleventh.* This license shall be understood to come into effect on the first day of January, 1888." The letter of the defendants in response to that of the plaintiff contains the acceptance of the agency, and all the terms and conditions thereof are accepted in the very words of the plaintiff's proposal. The complaint further states that on the 15th day of October, 1889, the defendants notified the plaintiff in writing as follows: "Agreeably with the terms of the agreement, we beg to notify you of our desire to terminate the same, regarding the Bauer wrenches, at the close of the year." It is further alleged that since the 1st day of January, 1890, the defendants have done no work under the agreement; that they have paid to the plaintiff £200 sterling, (being the minimum royalties for the years 1888 and 1889,) and are now indebted in the sum of £100 sterling for the minimum royalty for the third year of the contract. The demurrer is interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, and the contention in support of it is that it appears upon the face of the complaint that the defendants terminated the contract by giving notice of their desire so to do three months before the expiration of the second year. The right to thus terminate the contract is based upon the theory that, there being no fixed period of the duration of the agency stated in the contract, it was terminable by either of the parties on giving reasonable notice to the other. The general rule of law on the subject is doubtless as stated by the appellants, but the rights of the parties here are to be determined by their agreement, and there is no ambiguity whatever respecting their intention. Whatever may be said regarding a longer period, it is manifest that both the plaintiff and the defendants contemplated and intended the agency should continue for at least three years. This is apparent from the provisions of the contract above set forth, and the defendants stipulated to pay for royalties at least £100 sterling in each of the three years for which special and definite arrangements were made; or, to repeat the words of the agreement, "the first three years of this license." It would be to ignore this clear expression of intent to hold that, when both parties stipulate that a certain sum shall be paid for the first three years of the license, and that at the expiration of such three years one of the parties shall have the right to terminate the contract under certain circumstances and on certain conditions, there was not at least a fixed period of three years for the continuation of the contract obligations and relations, unless they were sooner terminated pursuant to other provisions of the contract itself. The demurrer was properly overruled, and the order and interlocutory judgment are affirmed, with costs, with leave to appellant to withdraw his demurrer within 20 days upon payment of costs of demurrer in court below, and upon this appeal. All concur.